FISHER & HAINES.
*v.*
NOEL B. MEEK.

1. WITNESS—*credibility—by what evidence it may be questioned.* In an action of trover for a promissory note, the defendant insisted that the note was placed in his hands as collateral security for an execution which he, as sheriff, held against the owner of the note, and offered in evidence a letter of the agent of the owner who placed the note in his hands, stating such to have been the purpose for which it was given him. The writer of the letter had sworn upon the trial, denying that the note was delivered as collateral, and it was held, his letter was competent to weaken that part of his testimony, and admissible for that purpose, if for no other.

2. EVIDENCE—*a party cannot make evidence for himself.* A letter written by the attorney of the plaintiff in the execution to the sheriff, after the note came to the sheriff's hands, relating to the manner in which the note should be held, and his reply thereto, would be inadmissible in behalf of the sheriff on the trial of such a case, because that would be making evidence by the party himself.

3. LIEN UPON COLLATERALS—*whether waived.* Where a promissory note is placed in the hands of a sheriff as collateral security for an execution which he holds against the owner of the note, an attempt by the sheriff to hold the note under a void levy of the execution upon it will not operate as a waiver of the lien.

4. PRACTICE—*special plea not replied to—the effect thereof.* Where the general issue is pleaded in trover, and a special plea, the fact that the latter was not replied to cannot work any injury to either party, as under the general issue every fact which could be specially pleaded, could be given in evidence; and it would be presumed that was done. That would be a waiver of the replication.

WRIT OF ERROR to the Circuit Court of Peoria County; the Hon. MARION WILLIAMSON, Judge, presiding.

This was an action of trover commenced in the Circuit Court of Woodford County, by Fisher and Haines against Noel B. Meek, to recover the value of a certain promissory note. The cause was removed into the Circuit Court of Peoria County, upon change of venue, where a trial resulted in a verdict and judgment for the defendant; and thereupon the plaintiffs sued out this writ of error.

The circumstances upon which the alleged errors arise are sufficiently stated in the opinion of the court.

Mr. S. D. PUTERBAUGH, for the plaintiffs in error.

Messrs. McCULLOCH and TAGGART, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of trover in the Peoria Circuit Court, for a certain promissory note executed by one Phelps and Way, to the plaintiffs in error, for seven hundred and twenty-seven dollars and thirty-seven cents, and dated December 15, 1858. On the trial there was a verdict and judgment for the defendant. It appears from the record, that plaintiffs in error were the judgment debtors of one Goodheart, who had placed an execution in the hands of the defendant, then sheriff, issued

on this judgment. One Howard being the security of plaintiffs on the note, for which this judgment was' rendered, had in his possession, delivered to him by plaintiffs, this note for collection, and to apply the proceeds on this execution. When the defendant came to him with the execution, and demanded the money or property to satisfy it, Howard handed this note to the sheriff, who received it, as Howard testifies, with the understanding that defendant was to hold it, and indorse on it, such amounts as he, Howard, might collect from the makers of the note. This was about the first of March, 1859. In May following, Howard demanded the note of defendant, who refused to give it up, alleging he had levied on it under Goodheart's execution. The weight of evidence is, that if the note had been delivered to Howard at this time, he could have collected it of the makers, and it was for this purpose he demanded it of the defendant.

The defendant had indorsed on the execution a levy on this note, and afterwards pasted a slip of paper over the levy, and returned the execution not satisfied. He made no effort himself to collect the money, nor would he surrender it to Howard, from whom he received it, that he might collect it. After the makers had become insolvent, the defendant returned the execution as above stated, the defendant then claiming that he held the note only as collateral security for the payment of the Goodheart execution.

The questions then arise, had the defendant a lien on the note as collateral security for the payment of this execution; and if he had, whether it was not lost, by claiming to hold it by virtue of a levy upon it?

To prove the position that the defendant held the note as collateral security, a letter of Howard to the defendant, dated January 25, 1859, was permitted to be read to the jury, against the objections of the plaintiffs. In that letter Howard says, "I called on Haines this morning, and he authorized me to send the note to you as collateral," &c. Howard had sworn on the trial, expressly denying the note was delivered

as collateral.   If for no other purpose, his letter was competent to weaken that part of his testimony, and admissible for that purpose, if for no other.   From the character of the entire transaction, the authority of Howard to write this letter might well be presumed, even against his own testimony that he had no authority to write it.

The next question arises upon the letters of McCulloch, the attorney of Goodheart, to the defendant, and his replies.   The last letter of McCulloch is dated May 14, 1859, long after the note was placed in the hands of the defendant, and was therefore, *res inter alios acta,* and inadmissible. · It was making evidence by the party himself, and calculated to mislead the jury.   It was to be proved by competent evidence, whether the note was taken as collateral or not.

The fact that one of the special pleas was not replied to, can not work any injury to either party, as under the general issue, every fact which could be specially pleaded, could. be given in evidence, and it is to be presumed this course was pursued.   This would be a waiver of·the replication.   If the note was held by the defendant as a pledge, or as a collateral, we do not think this claim was waived by claiming it under a void levy, which the levy was, in this case.

Admitting the McCulloch letter in evidence, was an error which must reverse the judgment.   The judgment is reversed and the cause remanded

*Judgment reversed.*